WILLIAM C. BOYDEN *vs.* WILLIAM B. PARTRIDGE & another.

A bill in equity to redeem a mortgage of real estate, and to set aside a release of the equity of redemption obtained by fraud, is within the equity jurisdiction conferred on this court by the revised statutes.

A trustee may maintain a bill in equity to redeem a mortgage, made by himself, of the trust estate, without making his *cestui que trust* a party to the bill.

It is no objection to the maintenance of a bill in equity by a trustee to redeem a mortgage of the trust estate, that the mortgagee has taken a conveyance thereof with notice of the trust.

BILL IN EQUITY, in which the plaintiff alleged that on the 2d of August 1852 Asher Parlin, being seized of a lot of land in Natick, contracted with Decatur Mowry for the sale thereof to him for the sum of $2,700, of which Mowry paid $500; and Parlin, at Mowry's request and under his direction, on the same day conveyed the land to the plaintiff, to hold in trust for Mowry, and to convey to Mowry or his legal representatives, when requested; that the plaintiff had no part in the negotiation for the purchase, and paid no part of the consideration:

that on the same day the plaintiff executed a mortgage of the land to Parlin, to secure the payment of the remainder of the purchase money; that on the 18th of October 1852 Parlin sold the mortgage to Harding Partridge, one of the defendants, and received from him the consideration therefor, but, at his request and under his direction, assigned the mortgage to the other defendant, William B. Partridge; that on the 18th of February 1853 William B. Partridge, by his attorney Harding Partridge, entered upon and took possession of the land for breach of condition of the mortgage and to foreclose the same, and had since continued in possession; that Mowry occupied the land from the time of Parlin's conveyance to the plaintiff until such taking possession; and that Harding Partridge, knowing all these facts and circumstances, and being particularly informed of the relation subsisting between the plaintiff and Mowry with regard to the land, on the 24th of March 1853 obtained from the plaintiff a quitclaim deed of the land, by false and fraudulent representations that Mowry wished and authorized it; and that nothing was paid as a consideration for said deed. And the bill charged the two defendants with combining and confederating together fraudulently to prevent the plaintiff from redeeming the land from the mortgage.

The bill then prayed for an account of the sums due on the mortgage, and of the receipts and expenses on account thereof, and that the plaintiff might be permitted to redeem the same upon paying the amount found to be due; and also that the deed obtained from him by Harding Partridge might be set aside and declared null and void; and that the defendants might be restrained from alienating the land.

William B. Partridge demurred generally to the bill.

*E. Buttrick*, in support of the demurrer. 1. The plaintiff's case is founded on an alleged fraud, of which this court, as a court of equity, has no jurisdiction. *Holland* v. *Cruft*, 20 Pick. 321. *Fiske* v. *Slack*, 21 Pick. 361. *Pool* v. *Lloyd*, 5 Met. 525. *Walker* v. *Locke*, 5 Cush. 90.

2. Mowry, the *cestui que trust*, being the person beneficially interested in the equity of redemption, should have been made

a party.  " The general rule is, that in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trust*, as well as the trustees, are necessary parties." Story Eq. Pl. § 207.   See also 1 Dan. Ch. Pract. 267 ; *Burt* v. *Dennet*, 2 Bro. C. C. 225 ; *Douglas* v. *Horsfall*, 2 Sim. & Stu. 184 ; *Malin* v. *Malin*, 2 Johns. Ch. 238 ; *Stillwell* v. *M'Neely*, 1 Green Ch. 305.

3. If the court has jurisdiction, Harding Partridge, having purchased the land with notice of the trust, took it subject to the trust, and is bound so to hold it.  This would be no fraud on Mowry ; and he might redeem.  But the plaintiff has no such interest in the subject matter of this suit, as will enable him to maintain the bill.   *Wright* v. *Dame*, 22 Pick. 60.

*J. G. Abbott*, for the plaintiff.   1.  This is a bill to redeem a mortgage, and as such within the equity jurisdiction of the court; Rev. Sts. *c.* 81, § 8 ; *c.* 107, § 18 ; and the court, having thus acquired jurisdiction, will decide the question of fraud, and other questions incidentally arising.   *Holland* v. *Cruft*, 20 Pick. 321.   *Goodrich* v. *Staples*, 2 Cush. 258.   *Whitney* v. *Stearns*, 11 Met. 319.   *Johnson* v. *Whitwell*, 7 Pick. 71.

2. This suit being brought by the trustee, against strangers to the trust, for the recovery of the trust property, and not involving his relations with the *cestui que trust*, the latter need not be made a party to the bill.   *Williams* v. *Russell*, 19 Pick. 162.   *Stevenson* v. *Austin*, 3 Met. 481.   Mitf. Pl. (3d ed.) 142. *Meux* v. *Maltby*, 2 Swanst. 277.   *Saville* v. *Tancred*, 3 Swanst. 141, *note*.   *May* v. *Selby*, 1 Y. & Col. Ch. 235.   *Franco* v. *Franco*, 3 Ves. 75.  1 Dan. Ch. Pract. 269.   *Campbell* v. *Watson*, 8 Ohio, 500.   *Swift* v. *Stebbins*, 4 Stew. & Port. 447.

3. The trustee has the whole legal estate, and may well maintain this bill.   And a judgment in this suit will be binding on the *cestui que trust*.

MERRICK, J.   1. The principal objection taken by the defendant William B. Partridge, in support of his demurrer to the bill, rests upon the assumption that the subject matter of it is merely an allegation of fraud, for which alone relief is sought by its prayer.   And if this assumption were correct, and such were

the sole or main purpose of the bill, it could not be denied that the conclusion for which he contends, that this court, as a court of equity, has no jurisdiction of it, would be an unavoidable consequence.[*] But upon examination of the various allegations in the bill, it is manifest that the objection thus urged to it is founded upon an entire misconception of its nature, character and object. It is in reality a bill for the redemption of real estate from an outstanding mortgage, the condition of which has been broken; and is brought under the authority and in conformity to the provisions of the statute regulating the manner and course of proceeding in such cases. Rev. Sts. c. 107, §§ 13–18. It contains all the averments necessary to show that the plaintiff is entitled to redeem the estate from the defendants. The plaintiff states in it that he is the mortgagor, and that they are the mortgagees in possession, having no valid title except under the mortgage; and he prays that they may render a just and true account, showing the precise amount due upon the mortgage, in order that he may pay the same to them or bring the amount into court for their benefit; either of which he offers to do. Thus it is simply a bill for redemption. It is true that, in addition to the averments already recited, it alleges the fraud of the defendants in obtaining from the plaintiff a release or quitclaim deed of all his interest in the estate which he now seeks to redeem. But this is incidental only to the main purpose of the bill. The fraud alleged may never become a subject to be in any way investigated. It is only in the contingency that the defendants shall attempt to avail themselves of the deed alleged to have been fraudulently obtained, that any inquiry in relation to fraud can come to be a matter of any importance in determining the validity of the claim set up by the plaintiff; and then only as it bears upon the question of his

---

[*] But by St. 1855, c. 194, § 1, "the supreme judicial court shall have jurisdiction in equity in all cases of fraud, and of conveyances or transfers of real estate in the nature of mortgages, when the party asking relief has not a plain, adequate and complete remedy at common law, with the powers belonging to said court in suits in equity."

right to redeem the premises described. But as the court has undoubted jurisdiction of bills for redemption, if it should become material in the progress of the cause to investigate the allegations of fraud, in order to determine the main question, whether the plaintiff has good right to redeem the estate, there is no doubt that it may be done. This has often been determined; and recently it was said by this court, that "where we have jurisdiction, and a question of fraud is incidentally involved, we have power, necessarily, to inquire into and decide such question; otherwise, the jurisdiction expressly given by the statute might be eluded." *Goodrich* v. *Staples*, 2 Cush. 261.

2. It is undoubtedly a general rule, that in suits respecting trust property, brought either by or against trustees, the *cestuis que trust* are necessary parties. But that rule does not require, if indeed it · is applicable at all to the present proceeding, that Mowry should be made a party to the bill. The whole legal estate is in Boyden. He is the mortgagor, and has made no transfer of his interest or title. No other person has in law any right of redemption; and a decree against him must be conclusive in favor of the defendants against all parties claiming through or under him or in his behalf. Nor does the inquiry concerning his right to redeem involve the necessity or afford an occasion of investigating the relations subsisting between the trustee and *cestui que trust.* Their respective claims and obligations will remain the same, whatever may be the termination of this suit. And although it may be very beneficial and even indispensable to the former to redeem the estate, in order that he may be able fully to execute the trust he professes to have assumed, it is quite immaterial to the defendants what may be the consequences of his failure to do so. It is sufficient for them, in reference to the particular question before us, that with those consequences they have no concern or connection; but that, upon making a successful defence to the present suit, the title of William B. Partridge to the whole estate will be legally and conclusively established. It was unnecessary therefore for the protection of any one, or the furtherance of any right, that Mowry should have been made a party to the bill.

3. The considerations already suggested afford mainly the answer to the remaining objection of the defendant, that the plaintiff's allegations in the bill do not show that he has any such interest in the subject matter of it as is sufficient to enable him to maintain it. He is in fact the sole party who has a right to redeem the premises from the outstanding mortgage. Subject to that, the whole legal estate is in him. It does not diminish either his legal right or his interest in it, that, when recovered, he will hold it as trustee for the benefit of another; for in the execution of the trust his personal responsibility is limited only by its utmost value. And this responsibility would remain, even if the suggestion of the defendant's counsel, that William B. Partridge, having taken the deed from Boyden with full knowledge of his obligations, and of the rights of Mowry in relation to the estate, necessarily held it subject to the trust, and so might have been compelled to permit the latter to redeem, (concerning which we give no opinion,) were admitted to be correct. This ought neither to compel Mowry to pursue that course, nor to deprive the legal owner of the absolute right to redeem, which is expressly given and secured to him by the statute. For Boyden remained still the owner of that, notwithstanding the deed which is inoperative and void, if, as is alleged in the bill, it was obtained from him by the wilful misrepresentation and fraud of Harding Partridge, one of the defendants.

*Demurrer overruled.*

